IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK A. TERRY                                                                                          PLAINTIFF

vs.                                             Civil No. 6:10-cv-06078

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mark A. Terry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on October 17, 2006 (DIB) and on October 19, 2006 (SSI). (Tr. 99-108). In his applications, Plaintiff alleged he was disabled due to a shattered hip and head trauma from a motorcycle accident. (Tr. 116). Plaintiff alleged an onset date of November 6, 2005. (Tr. 99, 105, 116). These applications were denied initially and again on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____." The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 58-61).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 76-98). An administrative hearing was held on December 2, 2008 in Hot Springs, Arkansas. (Tr. 23-57). At the administrative hearing, Plaintiff was present and was represented by counsel, James Street. *Id.* Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school. (Tr. 28).

On January 5, 2009, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 12-22). In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act on November 6, 2005 and thereafter through December 31, 2011. (Tr. 20, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of November 6, 2005. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> The medical evidence establishes that the claimant has status post comminuted fracture of the posterior column of the right acetabulum, right femur fracture, and right heel starbust fracture status post multiple trauma from motorcycle accident . . . .

(Tr. 21, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21, Findings 4-5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the

following:

> The claimant has the residual functional capacity to perform work-related activities except for work involving lifting more than 20 pounds occasionally, 10 pounds frequently; standing and/or walking with normal breaks for a total of about 6 hours in an 8-hour workday; sitting with normal breaks for a total of about 6 hours in an 8-hour workday; and is capable of unlimited use of hand controls, but has limited use of foot controls (not even occasionally); and could never climb stairs or ladders, and only occasionally balance, stoop, kneel, crouch, and never crawl.  He would have no manipulative, visual, or environment limitations.

(Tr. 21, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined his PRW included work as a scrap iron salvage cutter, crane operator, and tack welder. (Tr. 21, Finding 6). Based upon his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of this PRW. *Id.*  The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 11).  The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform work such as a shipping order clerk (light, semi-skilled) with approximately 3,000 such jobs in the State of Arkansas and 300,000 such jobs in the nation and general office clerk (light, semi-skilled) with approximately 2,700 such jobs in the State of Arkansas and 350,000 such jobs in the nation. (Tr. 21, Finding 11).  Because Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, the ALJ determined Plaintiff was not under a "disability," as defined by the Act, at any time through the date of his decision.  (Tr. 21, Finding 12).

On March 5, 2009, Plaintiff requested that the Appeals Counil review the ALJ's unfavorable disability determination.  *See* 20 C.F.R. § 404.968.  On September 24, 2010, the Appeals Council

declined to review the ALJ's disability determination. (Tr. 1-4). On October 19, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 8, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 1-20. Specifically, Plaintiff claims the ALJ failed to evaluate the severity of his impairments, and the ALJ also erred by failing to give proper consideration to his claims of chronic pain. *Id.* In response, Defendant argues that the ALJ's RFC determination is supported by substantial evidence in the record, and the ALJ properly considered

Plaintiff's subjective complaints of disabling pain. ECF No. 11. Because Plaintiff's medical records demonstrate the ALJ's RFC determination is not supported by substantial evidence in the record, this Court will only address this issue on appeal.

A disability is defined as a physical or mental impairment which lasts at least one year and prevents the claimant from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In the present action, Plaintiff's medical records indicate his RFC was very limited from November 6, 2005 (his alleged onset date) through at least January 3, 2007, and he may have been disabled during this time period. Notably, Plaintiff's medical records establish he was involved in a motorcycle accident on November 6, 2005, his alleged onset date. (Tr. 190-191). As a result of that accident, Plaintiff suffered a deep laceration in his right foot and a fracture in his right leg. (Tr. 190-191, 346). Plaintiff underwent surgery for the fracture in his right leg. (Tr. 215-216).

Plaintiff used a wheelchair and walker for several months after the accident. (Tr. 341-343). Plaintiff was put on nonweightbearing status for 12 weeks after the accident. (Tr. 352). On January 26, 2006, Plaintiff was reportedly healing well, but Plaintiff was still on nonweightbearing status. (Tr. 357). Indeed, at that time, Plaintiff still had not resumed any of his normal activities. *Id.* On February 10, 2006, Plaintiff was evaluated by Dr. Williams S. Cole, M.D. for his hypertension. (Tr. 184). During that appointment, Dr. Cole found Plaintiff was "walking with a significant limp favoring his right leg with one crutch." *Id.*

On March 16, 2006, Plaintiff's leg fracture was reportedly "well healed." (Tr. 370). Plaintiff, however, still reported pain from "prolonged sitting or standing." *Id.* On April 12, 2006, Plaintiff reported suffering from severe pain in his right hip. (Tr. 372-375). On April 26, 2006, Plaintiff

reported pain with "prolonged standing" and stated that "with certain movement he does feel some posterior hip pain." (Tr. 376). On June 22, 2006, Plaintiff again reported suffering from severe right hip pain. (Tr. 379). On June 28, 2006, Plaintiff reported having significant pain after walking and standing for a "fairly short period of time." (Tr. 380). Plaintiff was prescribed six weeks of "aggressive physical therapy," and Plaintiff's physician stated that Plaintiff "should be able to return to work after this." *Id.*

Plaintiff again reported severe hip pain on September 27, 2006 and on October 4, 2006. (Tr. 382-384, 386-387). On October 4, 2006, as a result of his continued pain, Plaintiff had an MRI of his right hip. (Tr. 388-392). Plaintiff was found to have Stage 1 avascular necrosis ("AVN") of the femoral head causing a loss of blood supply to the bone. *See The Merck Manual* 310-312 (18th ed. 2006) (noting that one of the symptoms of AVN is bone or joint pain). To treat this AVN and severe pain, Plaintiff again underwent surgery. (Tr. 442-443). Specifically, on December 4, 2006, Plaintiff underwent right hip core decompression. *Id.* On January 3, 2007, Plaintiff was seen during a follow-up appointment after his right hip core decompression. (Tr. 457-458). During that appointment, Plaintiff did not have any complaints of pain, but Plaintiff was still not able to place any weight on his hip. *Id.*

Based upon these medical records, this Court finds the ALJ's disability determination–that Plaintiff was not disabled at any time from his alleged onset date through the date of his decision– is not supported by substantial evidence in the record. Plaintiff's medical records demonstrate that he was involved in a motorcycle accident on November 6, 2005, he underwent surgery, he continued to have complaints of severe pain, and he finally underwent a second surgery on his hip on December 4, 2006. Both surgeries resulted from this motorcycle accident. As of January 3, 2007, Plaintiff was

still recovering from his second surgery. Because this time period is over one year, Plaintiff's RFC should be reevaluated during this time period, and Plaintiff might be entitled to a closed period of disability. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Thus, this Court finds the ALJ's disability determination is not supported by substantial evidence in the record and must be reversed and remanded.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of October, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE